

**MEMO ENDORSED**

**BENJAMIN LOCKYER**
Principal
6515 W. Archer Ave.
Chicago, IL 60638

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2025

**BY ECF**
April 20, 2025

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re: *Luis Grullon v. Steven D. Lewis*, et al., No. 1:24-cv-04892-VEC
          Plaintiff's Request for Pre-Motion Conference to Compel Discovery from Defendant Lewis

Dear Judge Netburn:

      We represent Plaintiff Luis Grullon in the above-captioned matter. Pursuant to Your Honor's Individual Rule II.C, Plaintiff respectfully requests a pre-motion conference regarding his anticipated motion to compel discovery and for sanctions under Fed. R. Civ. P. 37. As described below, Defendants Steven D. Lewis and Giuseppe Zappala have failed to conduct good faith searches for responsive materials, including text messages, social media communications, and documents related to authorship disputes and takedown efforts concerning the song "Off the Leash."

      Counsel for Plaintiff and Defendant Lewis, Zappala, and Galactic Records formally met on April 16, 2025 at approximately 1:45 PM EST. The Parties were represented by Attorney Benjamin Lockyer for Plaintiff and Attorney Madyson Nucci for Defendants. During the meeting, the Parties identified that relevant text messages and direct messages from social media had not been produced. The Defendants noted that their search was ongoing and that relevant documents would be produced. Plaintiffs noted the May 8, 2025 discovery closure deadline and the prejudice of the late production given that all responsive documents were due on April 11, 2025. During the deposition of Steven D. Lewis on April 17, 2025, it became apparent that he was in possession of relevant text messages and direct messages that were requested. Counsel for Plaintiff made several on the record requests for production of these documents during the deposition which were declined by Attorney Nucci. On Friday April 18, 2025, Plaintiff made a final request that Defendants confirm the production of these relevant messages by Monday April 21, 2025, to which Defendants declined.

**I. Failure by Defendant Steven Lewis to Produce Responsive Communications**

      Plaintiff served Requests for Production on Defendant Lewis on January 7, 2025. Despite the passage of the deadline to serve new requests, Defendant has failed to produce any messages with Plaintiff, co-performer YvngxChris, or manager Giuseppe Zappala. During his April 16, 2025 deposition, Mr. Lewis testified that:

- He has not participated in discovery efforts since turning 18 in November 2024;



BENJAMIN LOCKYER
Principal
6515 W. Archer Ave.
Chicago, IL  60638

- His parents had previously handled the discovery process, and he last spoke with them about the case in December 2024;

- He owns an iPhone, uses iCloud and Instagram, and acknowledged that he communicated with relevant parties via text and Instagram DM;

- He did not search for relevant communications and has not produced documents.

These admissions contradict defense counsel's representations in multiple emails and communications noting that they were searching for relevant documents. Plaintiff has received no follow-up confirming that any such review occurred. In reality, Mr. Lewis was never instructed to conduct a search and had no role in his discovery compliance. This failure materially prejudices Plaintiff's ability to complete depositions and prepare his case.

The following document requests remain outstanding:

**Lewis RFP No. 1:** All documents and communications referring to or evidencing the creation, recording, or release of the song;

**Lewis RFP No. 4:** All communications with Galactic Records, Republic Records, Simon Alex Cohen, YvngxChris, or Giuseppe Zappala;

**Lewis RFP No. 5:** All communications with Plaintiff from January 1, 2021 to the present;

**Lewis RFP No. 9:** All communications with Plaintiff regarding any music or video projects;

**Lewis RFP No. 13:** All documents relating to disputes or negotiations with Plaintiff.

**II. Failure by Defendant Zappala to Produce Text Messages and DMs**

Defendant Zappala has likewise failed to produce any responsive text messages or Instagram DMs, despite multiple meet-and-confer efforts and repeated confirmations that he was "still reviewing" those materials. Plaintiff served the following requests on Zappala on January 7, 2025:

**Zappala RFP No. 4:** All communications with Plaintiff regarding the creation, release, or authorship of the song;

**Zappala RFP No. 5:** All communications with Lewis, Cohen, Banner (p/k/a Icytwat), or YvngxChris concerning the same;

**Zappala RFP No. 13:** All documents concerning authorship or royalty disputes.



**BENJAMIN LOCKYER**
Principal
6515 W. Archer Ave.
Chicago, IL  60638

Mr. Lewis' deposition confirmed that Zappala was a key intermediary in both creative and royalty discussions. His text and DM communications are central to the factual disputes in this case. No responsive communications have been produced.

### III. Takedown or Removal Efforts Are Within the Scope of Existing Requests

Plaintiff is also concerned that one or more Defendants may have submitted or coordinated a takedown request (e.g., under the DMCA) or otherwise caused the original version of "Off the Leash" to be removed from the distribution platform SoundCloud. Although Plaintiff did not serve a request specifically referencing the DMCA, multiple requests plainly encompass such conduct:

> **Galactic RFP No. 10:** All communications relating to disputes over ownership, authorship, or performance of the song;
>
> **Zappala RFP No. 5:** All communications with DSPs, streaming services, or labels regarding the song's release or promotion;
>
> **Zappala RFP No. 13:** Lewis RFP No. 13: All documents relating to authorship disputes.

If any Defendant submitted a takedown request to a platform-formally or informally-it would fall within the scope of these existing requests. No documents of this kind have been produced.

### IV. Relief Requested

Plaintiff seeks an order requiring:

1. Defendants Lewis and Zappala to conduct full searches of their phones, iCloud, and social media platforms for responsive communications;

2. Production of all withheld or omitted text messages, Instagram messages, and related metadata;

3. Production of any documents relating to takedown efforts or removal requests;

4. Signed certifications from both defendants confirming that a good faith search has been conducted;

5. An extension of time permitting Plaintiff alone to serve supplemental written discovery requests limited to the subject matter of Defendants' withheld communications, including electronic messages and any takedown efforts, notwithstanding the expired discovery request deadline.

6. Sanctions under Rule 37, including attorneys' fees and costs associated with the upcoming depositions and any re-depositions necessitated by the failure to comply.



**BENJAMIN LOCKYER**
Principal
6515 W. Archer Ave.
Chicago, IL  60638

### V. Conclusion

With the May 8, 2025 fact discovery deadline approaching, these deficiencies must be addressed immediately. Plaintiff respectfully requests that the Court schedule a pre-motion conference at its earliest convenience.

    Respectfully submitted,

    */s/ Benjamin Lockyer*
    Benjamin C.R. Lockyer
    Lockyer Law LLC
    6515 W. Archer Ave.
    Chicago, Illinois 60638
    (773) 340-0011
    ben@lockyerlaw.com
    *Co-Counsel for Plaintiff Luis Grullon*

**Cc. (by ECF):** Carla Miller
Nicholas Tardif
*Counsel for Republic Records, an unincorporated division of UMG Recordings, Inc.*

Mark S. Kaufman
*Co-Counsel for Luis Grullon*

Sarah Matz
Madyson Nucci
*Counsel for Defendants Steven D. Lewis, Giuseppe Zappala, and Galactic Records*

Application DENIED WITHOUT PREJUDICE.  Discovery disputes must be raised in a manner consistent with Rule 3(B) of the Undersigned's Individual Practices in Civil Cases.  Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to hold a joint teleconference with the Court for prompt resolution of the dispute.  The parties should email the Undersigned's Chambers inbox requesting the Court's contact information; mark the Re line of the email "Discovery Dispute."  The Court will determine during the teleconference whether written submissions will be required.  Parties should not make written submissions regarding discovery disputes absent Court permission.

Additionally, the parties are advised that they have been referred to Magistrate Judge Netburn for settlement purposes only.  Non-settlement-related matters must be brought to the Undersigned.

SO ORDERED.

4/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE