

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2025

**BY ECF**

June 13, 2025

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Luis Grullon v. Steven D. Lewis*, et al., No. 1:24-cv-04892-VEC
    **Plaintiff's Request for Pre-Motion Conference to Compel Discovery from Defendant Lewis**

Dear Judge Netburn:

We represent Plaintiff Luis Grullon in the above-captioned matter. Pursuant to Your Honor's Individual Rule II.C, Plaintiff respectfully requests a pre-motion conference regarding his anticipated motion to compel further responses to written discovery and document production from Defendants Steven D. Lewis and Giuseppe Zappala.

As outlined below, Defendants have failed to produce relevant communications and documents between co-defendants Zappala and Lewis despite deposition testimony and prior commitments indicating such documents exist and would be produced. Defendants have also taken the improper position that their clients may unilaterally determine what is "responsive" or "relevant," in violation of their discovery obligations, and have failed to conduct an independent search of the Defendants' communications.

Plaintiff has made repeated efforts to resolve this issue without Court intervention. The relevant requests for production were served in April 2025, and Plaintiff has since raised the lack of responsive communications between Mr. Zappala and Mr. Lewis on multiple occasions. Following the Court's June 7 order granting a two-week extension specifically to address outstanding discovery disputes, Plaintiff granted additional time for Defendants to confer with their clients and respond. Plaintiff also offered to accept the communications on an Attorneys' Eyes Only basis to facilitate resolution. Despite multiple written follow-ups, deadline extensions, and accommodations, Defendants have now confirmed that they will maintain their objections and are refusing to produce the documents. These deficiencies are especially concerning given the upcoming June 23, 2025 fact discovery deadline, and the multiple extensions of fact discovery for Defendants to comply with Plaintiff's requests.

### I. Withholding of Key Communications Between Zappala and Lewis

Defendants have refused to produce any communications directly between Defendants Zappala and Lewis in response to RFP Nos. 23 (Zappala) and 17 (Lewis), which seek:



**BENJAMIN LOCKYER**
Principal
6515 W. Archer Ave.
Chicago, IL  60638

> All messages, communications, text messages, or Instagram direct messages between [Steven D. Lewis] and [Giuseppe Zappala], from January 1, 2021 to January 30, 2022, including but not limited to discussions regarding recording, releases, management, contracts, and label signings.

This refusal and Defendants' objections based on attorney client privilege, proportionality, relevance, and harassment/embarssment are improper. In earlier discovery, defense counsel objected to producing any communications directly between Defendants Zappala and Lewis because the first set of requests were too narrow due to them seeking communications referencing the song at issue "Off the Leash." To address this, the parties stipulated to extend fact discovery to permit Plaintiff to serve supplemental requests, which were timely served on April 23, 2025.[1] Defendants objected on May 23, 2023 to the new requests. On May 30, Defendants produced just eight pages of documents and did not produce any documents between Zappala and Lewis. Plaintiff raised their objections to Plaintiff's improper production the next day on May 31, 2025 and negotiated another extension of discovery. Despite the extension of discovery and notice of this issue, Defendant noted that they still needed to speak with their clients about whether these documents would be produced. From communications with counsel for Defendants it also appears that these communications were never requested from Defendants Zappala or Lewis.

Defendants' conduct reflects a broader pattern of gamesmanship and bad faith discovery tactics. Counsel has improperly delegated the responsibility for identifying and producing responsive documents to the Defendants themselves, as confirmed by deposition testimony. Both Defendants Zappala and Lewis testified that responsive communications between them exist—including messages concerning the authorship of the song at issue—yet none have been produced. Mr. Lewis admitted that he has not participated in the discovery process since turning 18 in November 2024, that his parents previously handled the process on his behalf, and that he has not searched for responsive communications, despite using platforms such as iPhone, iCloud, and Instagram DMs to communicate with relevant parties. Similarly, Mr. Zappala testified that he conducted the search for responsive communications himself and that documents were not produced until after the deadline for responses—specifically, on the eve of his deposition. This improper approach to discovery has resulted in the untimely production of relevant documents that should have been disclosed well in advance of the depositions.

It is improper for counsel to allow their clients to be the judges of what is relevant and responsive, just as it is improper for counsel themselves to act as the ultimate arbiters of relevance without judicial oversight. This flawed approach has led to the withholding of numerous documents, including what are likely the most critical communications in this case. While there are many discovery deficiencies we could highlight, this issue stands out: it is wholly inappropriate for counsel to withhold a narrow, targeted category of communications between co-defendants—particularly when the request is limited to a one-year period, concerns the authorship of the song at issue, and falls squarely within the scope of the governing protective order. There is no legitimate claim of attorney-client privilege, nor is there anything unduly harassing or embarrassing about the request. The real concern is that these documents were never collected in the first place—and that defense counsel has failed to instruct Defendants to search for them. This abdication of

---

[1] Fact discovery was extended to June 9 on May 7, 2025.



**BENJAMIN LOCKYER**
Principal
6515 W. Archer Ave.
Chicago, IL 60638

counsel's discovery obligations has compromised the integrity of the process and warrants immediate court intervention.

### II. Relief Requested

Given the June 23 discovery deadline, Plaintiff requests to proceed with this motion to preserve Plaintiff's rights. As such, Plaintiff respectfully seeks an order requiring the following:

1. Defendants to produce **all communications** between Mr. Zappala and Mr. Lewis from January 1, 2021 to January 30, 2022;

2. Certifications confirmation that good faith searches of phones, icloud accounts, and social media were conducted;

3. Leave for Plaintiff to conduct a follow up deposition on Defendant Zappala and Defendant Lewis;

4. Sanctions under Rule 37, including costs associated with this motion and any necessary re-depositions.

Respectfully submitted,

*/s/ Benjamin Lockyer*
Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, Illinois 60638
(773) 340-0011
ben@lockyerlaw.com
*Co-Counsel for Plaintiff Luis Grullon*

---

By 10:00 a.m. on June 16, 2025, Plaintiff is directed to file on the docket the portions of the deposition testimony referenced in this letter. Also by 10:00 a.m. on June 16, 2025, Defendants are directed to file any response to Plaintiff's letter. The Court may decide this dispute without a conference.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 13, 2025
       New York, New York

---

3