UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LUIS GRULLON,

                                                  Plaintiff,                       24-CV-04892 (VEC)(SN)

              -against-                                                **ORDER**

STEVEN D. LEWIS, et al.,

                                               Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

       On June 13, 2025, Plaintiff filed a motion to compel further responses to written discovery and document production from Defendants Steven D. Lewis ("Lewis") and Giuseppe Zappala ("Zappala"). ECF Nos. 77, 79. Defendants opposed the motion on June 16, 2025. ECF No. 78. The motion to compel is GRANTED in part and DENIED in part.

       Plaintiff's motion contains four requests for relief. First, Plaintiff asks for an order requiring Defendants to produce "all communications between Mr. Zappala and Mr. Lewis from January 1, 2021 to January 30, 2022." ECF No. 77, at 3 (emphasis omitted). Second, Plaintiff seeks certifications confirming that Defendants conducted good faith searches of phones, iCloud accounts, and social media. Third, Plaintiff seeks leave to conduct follow-up depositions on Zappala and Lewis. Fourth, Plaintiff seeks sanctions under Rule 37, including costs associated with this motion and costs associated with re-depositions. As part of the motion, Plaintiff also raises concerns with the method by which Defendants have engaged in the discovery process, alleging that counsel has "allow[ed] their clients to be the judges of what is relevant and

responsive." Plaintiff argues that this "abdication of counsel's discovery obligations" has led to the withholding of documents "most critical" to the case. Id. at 2-3.

Counsel has an obligation to ensure the completeness and accuracy of the information produced to Plaintiff. Rule 26(g)(1) of the Federal Rules of Civil Procedure requires that "[e]very disclosure . . . discovery request, response, or objection must be signed by at least one attorney of record." Fed. R. Civ. P. 26(g)(1). By signing a discovery response, an attorney certifies that the response is "complete and correct" to the best of the attorney's "knowledge, information, and belief *formed after a reasonable inquiry*." Id. (emphasis added). "An attorney's inquiry satisfies Rule 26(g) if her inquiry, including her investigation and her resulting conclusions, was objectively reasonable under the circumstances." Kiobel v. Royal Dutch Petroleum Co., No. 02-CV-7618 (KMW)(HBP), 2009 WL 18101014, at *2 (S.D.N.Y. June 25, 2009). Consistent with this duty, the discovery rules "impose an obligation on counsel to monitor compliance so that all sources of discoverable information are identified and searched." Beverly Hills Teddy Bear Co. v. Best Brands Consumer Products, Inc., No. 19-CV-3766 (GHW), 2020 WL 7342724, at *13 (S.D.N.Y. Dec. 11, 2020) (internal quotation marks omitted).

Under the circumstances, Defendants' counsel has not performed an objectively reasonable inquiry under Rule 26(g)(1). The parties provided deposition testimony indicating that Lewis and Zappala have been conducting searches of their devices and accounts with minimal, if any, oversight by their counsel. See ECF No. 79-1, at 4-5, 10-11, 16; ECF No. 80-1, at 2; ECF No. 80-2, at 9-10. It is unreasonable to assume that Defendants themselves are conducting a reasonable search without counsel's involvement, especially considering that one Defendant has been a minor for much of the litigation. See Herman v. City of New York, 334 F.R.D. 377, 386 (E.D.N.Y. 2020) ("It is not appropriate to take a client's self-collection of

documents, assume it is complete, and not take steps to determine whether significant gaps exist."); Thomas v. City of New York, 336 F.R.D. 1, 5 (E.D.N.Y. 2020) (granting a motion to compel and questioning why defendants' counsel "chose not to review" document production, instead "relying on their clients' statements that these chats do not contain pertinent or relevant information"); Acon v. Long Island Gay & Lesbian Youth, Inc., No. 21-CV-4642 (WFK)(CLP), 2023 WL 12073648, at *2 n.6 (E.D.N.Y. July 7, 2023) ("[P]arties themselves should not adjudicate what is or is not relevant for discovery."). To satisfy the requirements of Rule 26(g)(1) and comply with counsel's ethical obligations as an officer of the Court, counsel must be actively involved in searching and producing discovery to Plaintiff.

The motion to compel a response to Requests for Production Numbers 23 and 17 is GRANTED as modified. The Requests seek:

> All messages, communications, text messages, or Instagram direct messages between [Steven D. Lewis] and [Giuseppe Zappala], from January 1, 2021 to January 30, 2022, including but not limited to discussions regarding recording, releases, management, contracts, and label signings.

ECF No. 77, at 2. As written, these requests are overbroad. See Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC, No. 18-CV-5393 (ALC)(KHP), 2022 WL 1977746, at *4 (S.D.N.Y. June 3, 2022) (finding a request for "all documents and communications" presumptively improper and "wildly overbroad"); Brand New School, LLC v. Mill Grp., Inc., No. 15-cv-7904 (ALC)(KNF), 2017 WL 462269, at *9 (S.D.N.Y. Jan. 17, 2017) (finding irrelevant and disproportionate a request for "all documents" or "any of [the party's] internal communications" without limiting the request to documents pertinent to the action). Communications between Lewis and Zappala relating to the works central to this case are relevant and proportional to the litigation. Requests Numbers 23 and 17 are therefore modified as follows:

> All messages, communications, text messages, or Instagram direct messages between [Steven D. Lewis] and [Giuseppe Zappala], from January 1, 2021 to January 30, 2022,

relevant to the claims and defenses, including but not limited to discussions regarding recording, releases, management, contracts, and label signings.

The parties are ORDERED to meet and confer to identify reasonable search terms consistent with these modified requests. Counsel for the Defendants must conduct the searches.

Because Lewis and Zappala were represented by the same transactional attorney during the relevant period, some communications *may* be subject to the attorney-client privilege. But not all communications are protected by the privilege. Defendants may redact portions of the production as necessary. Defendants must provide a corresponding privilege log, compliant with Federal Rule of Civil Procedure 26(b)(5), for each redaction explaining the basis for asserting the privilege. Defendants are ORDERED to respond to Requests for Production Numbers 23 and 17 as modified and with appropriate privilege redactions. Defendants are granted until June 30, 2025, to produce responsive documents.

The request for leave to conduct follow-up depositions on Lewis and Zappala is DENIED without prejudice to renewing the motion after Defendants produce discovery consistent with this Order.

Plaintiff's request for sanctions under Rule 37 is DENIED.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   June 17, 2025
         New York, New York